*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-10-00794-CR

Joe Luis **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-8851-W
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:   July 6, 2011

AFFIRMED

Joe Luis Martinez pled no contest to assault-family violence (second), and received five years' deferred adjudication plus a $1,500 fine. The State filed a motion to adjudicate guilt and revoke community supervision alleging Martinez committed several violations of his community supervision by using a controlled substance on several occasions and by failing to report multiple times. The trial court modified the conditions of Martinez's community supervision by placing him in a substance abuse treatment facility (SATF) and on "zero tolerance" for 180 days upon

completion of SATF. Thereafter, the State filed a second motion to adjudicate guilt and revoke community supervision alleging Martinez was unsuccessfully discharged from the SATF program prior to completion, thereby violating a condition of his community supervision. Martinez pled "true" to the alleged violation. The trial court found the alleged violation was true, and proceeded to adjudicate Martinez guilty of assault-family violence (second). The court sentenced Martinez to eight years' imprisonment and imposed a $1,500 fine. Martinez appeals the trial court's judgment. We affirm.

Martinez's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel raises no arguable appellate issues, and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id.*; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Martinez with a copy of the brief and motion to withdraw, and informed him of his right to review the record and file his own *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Martinez did not file a *pro se* brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, the judgment of the trial court is affirmed. *See id.* Appellate counsel's motion to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Martinez wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Phylis J. Speedlin, Justice

DO NOT PUBLISH